United States District Court
Southern District of Texas
**ENTERED**
February 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REYES EDUARDO RAMOS FLORES, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> BRET BRADFORD, *et al.*, § <br> § <br> Respondents. § | CIVIL ACTION NO. 4:25-CV-06337 |

## ORDER OF DISMISSAL

The petitioner, Reyes Eduardo Ramos Flores, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. He also filed a motion for a temporary restraining order ("TRO"). Doc. No. 6. Respondents have filed response and a motion for summary judgment (Doc. No. 9), to which Petitioner has filed a reply in opposition (Doc. No. 10).

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection. Doc. No. 1 at 17. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Petitioner's arguments regarding sections 1225 and 1226 and their

implementing regulations are foreclosed by Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In addition, Petitioner's Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Petitioner's claims under the Administrative Procedure Act ("APA"), for a stay of removal, and under the Suspension Clause are also unavailing. The APA claim fails because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704. This court lacks jurisdiction to order any stay of removal because it would constitute a challenge to a removal order. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (holding that the district court lacked jurisdiction over the petitioner's request for a stay of removal because such a claim "is a challenge to a removal order"). Finally, the Suspension Clause claim fails because Petitioner has not been deprived of the opportunity to file a habeas petition regarding his detention claim.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) and motion for a TRO (Doc. No. 6) are **DENIED**.
2. Respondent's motion for summary judgment (Doc. No. 9) is **GRANTED**.
3. This case is **DISMISSED without prejudice**.
4. All other pending motions, if any, are **DENIED as MOOT**.

5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

Signed: February 20, 2026

_____
Andrew S. Hanen
United States District Judge